UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ZWIRN,<br><br>        Plaintiff,<br><br>    v.<br><br>A. RUGGIERO,<br><br>        Defendant. | No. 2: 19-cv-1173 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Plaintiff is a state prisoner, proceeding pro se. On June 25, 2019, defendant removed this action from state court pursuant to 28 U.S.C. § 1441 on the grounds that plaintiff raises a federal question. (ECF No. 1.) Defendant contends that this action arises under 42 U.S.C. § 1983 and includes claims under the Eighth Amendment. (Id. at 2.)

      For the reasons stated herein, the undersigned recommends that this action be remanded to state court.

      The only named defendant in this action is A. Ruggiero. (ECF No. 1 at 1.) Plaintiff alleges that on February 17, 2016, defendant "orchestrated an attack on plaintiff by another inmate." (Id. at 8.) Plaintiff also claims that on this date, defendant tripped plaintiff, slammed plaintiff's face into the cement floor and then beat plaintiff. (Id.) Plaintiff also alleges that on May 30, 2015, defendant walked by plaintiff, made his fingers "into a gun" and "shot" at plaintiff. (Id. at 9.)

1

As legal claims, plaintiff alleges that defendant assaulted him and inflicted emotional distress. (Id. at 5-7.) Plaintiff identifies these claims as intentional torts, i.e., state law claims. (Id. at 8-9.) The undersigned cannot locate any Eighth Amendment or other federal claim in the complaint.

Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. See 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." Id. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 784–85 (9th Cir.1992) (noting that section 1447(c) permits district courts to remand sua sponte for lack of subject matter jurisdiction).

In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, the notice of removal asserted that this court had federal question jurisdiction over plaintiff's complaint. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, it is well established that plaintiff is the "master of her complaint" and can plead to avoid federal jurisdiction. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.").

Plaintiff's complaint raises only state law claims.  For this reason, plaintiff's complaint avoids federal question jurisdiction.  On these grounds, the undersigned recommends that this action be remanded to the Amador County Superior Court.[1]

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be remanded to the Amador County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 1, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Zwirn1173.rem

---

[1] Court records indicate that plaintiff previously filed another action in this court containing the same allegations against defendant Ruggiero, 2:16-cv-2853 CKD P.  In case 16-cv-2853, plaintiff claimed that defendant Ruggiero violated his Eighth Amendment rights.  Case 16-cv-2853 was dismissed with prejudice after the parties settled the action.